FEDERAL-MOGUL CORP., PLAINTIFF, AND TORRINGTON CO., PLAINTIFF-INTER-VENOR *v.* UNITED STATES, DEFENDANT, AND SKF USA INC., SKF GMBH, GMN GEORG MULLER NURNBERG AG, INA WALZLAGER SCHAEFFLER KG, INA BEARING CO., INC., NTN BEARING CORP. OF AMERICA, NTN KUGEL-LAGERFABRIK (DEUTSCHLAND) GMBH, FAG KUGELFISCHER GEORG SCHAFER KGAA, MESSERSCHMITT-BOELKOW-BLOHM, GMBH, MBB HELICOPTER CORP., HEIDELBERGER DRUCKMASCHINEN A.G., AND PRATT & WHITNEY CAN-ADA INC., DEFENDANT-INTERVENORS

Court No. 91-07-00533

(Dated September 23, 1992)

*Frederick L. Ikenson, P.C. (Frederick L. Ikenson, J. Eric Nissley* and *Larry Hampel)* for plaintiff Federal-Mogul Corporation.

*Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Wesley K. Caine, Christopher J. Callahan* and *Amy S. Dwyer)* for plaintiff-intervenor The Torrington Company.

*Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Velta A. Melnbrencis);* of counsel: *Dean A. Pinkert,* Attorney-Advisor, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for defendant.

*Howrey & Simon (Herbert C. Shelley, Scott A. Scheele, Alice A. Kipel* and *Thomas Trendl)* for defendant-intervenors SKF USA Inc. and SKF GmbH.

*Grunfeld, Desiderio, Lebowitz & Silverman (Bruce M. Mitchell* and *Philip S. Gallas)* for defendant-intervenor GMN Georg Muller Nurnberg AG.

*Arent Fox Kintner Plotkin & Kahn (Stephen L. Gibson)* for defendant-intervenors INA Walzlager Schaeffler KG and INA Bearing Company, Inc.

*Barnes, Richardson & Colburn (Robert E. Burke, Donald J. Unger, Kazumune V. Kano* and *Diane A. MacDonald)* for defendant-intervenors NTN Bearing Corporation of America and NTN Kugellagerfabrik (Deutschland) GmbH.

*Grunfeld, Desiderio, Lebowitz & Silverman (Max F. Schutzman, David L. Simon* and *Andrew B. Schroth)* for defendant-intervenor FAG Kugelfischer Georg Schafer KGaA,

*Rogers & Wells (William Silverman* and *Ryan Trainer)* for defendant-intervenors Messerschmitt-Boelkow-Blohm, GmbH and MBB Helicopter Corporation.

*Pillsbury Madison & Sutro (J. Kevin Horgan)* for defendant-intervenor Heidelberger Druckmaschinen A.G.

*Donohue and Donohue (William J. Phelan)* for defendant-intervenor Pratt & Whitney Canada Inc.

## OPINION

TSOUCALAS, *Judge:* Defendant-intervenor, Pratt & Whitney Canada Inc. ("P&WC"), moves this Court to modify the preliminary injunction issued by this Court in this case on August 9, 1991 to allow liquidation of P&WC's entries of antifriction bearings from the Federal Republic of Germany to the United States from November 9, 1988 through April 30, 1990.

Defendant and plaintiff, Federal-Mogul Corporation ("Federal-Mogul"), oppose P&WC's motion. Plaintiff-intervenor, The Torrington Company ("Torrington"), and defendant-intervenors SKF USA Inc. and SKF GmbH, INA Walzlager Schaeffler KG and INA Bearing Company, Inc., Messerschmitt-Boelkow-Blohm, GmbH and MBB Helicopter Corporation, FAG Kugelfischer Georg Schafer KGaA, NTN Bearing Corporation of America and NTN Kugellagerfabrik (Deutschland) GmbH, Heidelberger Druckmaschinen A.G. and GMN Georg Muller Nurnberg AG take no position in regard to P&WC's motion.

### BACKGROUND

On July 25, 1991 Federal-Mogul filed a summons and on July 29, 1991 a complaint, challenging certain aspects of the Department of Commerce, International Trade Administration's ("ITA") final results in the first administrative review of the antidumping duty order covering ball bearings, cylindrical roller bearings and spherical plain bearings from the Federal Republic of Germany. *Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From the Federal Republic of Germany; Final Results of Antidumping Duty Administrative Review,* 56 Fed. Reg. 31,692 (1991).

On August 5, 1991, Federal-Mogul filed a consent motion for a preliminary injunction enjoining liquidation of all entries of antifriction bearings from the Federal Republic of Germany subject to the first administrative review. On August 9, 1991, this Court issued an order granting Federal-Mogul's request for a preliminary injunction. *Federal-Mogul Corp. v. United States,* Court No. 91–07–00533 (August 9, 1991) (order granting preliminary injunction). This preliminary injunction enjoined liquidation of P&WC's imports of antifriction bearings from the Federal Republic of Germany. P&WC was not a party to this action at the time the preliminary injunction was issued.

On July 14, 1992, P&WC filed a motion to intervene and to modify the preliminary injunction. On August 19, 1992, this Court granted P&WC's motion to intervene. *Federal-Mogul Corp.,* Court No. 91–07–00533 (August 19, 1992) (order granting P&WC's motion to intervene). P&WC's motion to modify the preliminary injunction was deemed as filed on August 19, 1992.

### DISCUSSION

In order for a preliminary injunction to issue, plaintiff must clearly demonstrate: (1) the threat of immediate irreparable harm; (2) the likelihood of success on the merits; (3) that the public interest is better served by issuing rather than denying the injunction; and (4) that the balance of hardships to the parties favors the plaintiff. *Zenith Radio Corp. v. United States,* 710 F.2d 806, 809 (Fed. Cir. 1983); *Timken Co. v. United States,* 11 CIT 504, 506, 666 F. Supp. 1558, 1559 (1987).

In *Zenith,* the Court of Appeals for the Federal Circuit found that failure to grant a request for a preliminary injunction enjoining the liquidation of entries subject to the results of a contested administrative review

constituted irreparable harm to a plaintiff. *Zenith,* 710 F.2d at 810. The object of the *Zenith* Court's concern was the maintenance of the reviewing court's jurisdiction over the entries at issue. *Id.*

Following *Zenith,* it is clear that if any of the allegations made by Federal-Mogul or Torrington in this case may result in an adjustment in P&WC's dumping margin, then P&WC's entries must be enjoined from liquidation.

P&WC argues that "the allegations made by plaintiff and plaintiff-intervenor are either irrelevant to P&WC or, even if proven, would not materially increase the amount of antidumping duties to be assessed." *Memorandum in Support of Motion to Intervene and to Modify the Preliminary Injunction ("P&WC's Memorandum")* at 6.

P&WC alleges that only two of the issues raised by Federal-Mogul and Torrington in this case may apply to P&WC's entries. *P&WC's Memorandum* at 6–11. The two issues which P&WC admits may affect its margin are: (1) the failure to deduct all antidumping related legal expenses from exporter's sales price, and (2) the failure to deduct estimated dumping duties from United States price. *Id.* at 8–9. P&WC argues that there is little likelihood of success on the merits regarding these issues due to prior decisions of this court, and that even if successful, any resulting change in P&WC's margin would be *de minimis. Id.*

Federal-Mogul argues that in addition to the two allegations which P&WC admits may affect P&WC's margin, and which Federal-Mogul believes are likely to be successful on the merits, Federal-Mogul's allegations regarding the ITA's treatment of value added taxes also applies to P&WC. *Federal-Mogul Corporation's Opposition to Pratt & Whitney Canada Inc.'s Motion to Modify the Preliminary Injunction* at 4–5. Federal-Mogul points out that it is likely to succeed on the merits of these allegations on the basis of prior decisions of this court. *Id.* at 5–6.

This Court finds that the ITA's treatment of value added taxes may affect P&WC's dumping margin and that Federal-Mogul and Torrington may be successful on the merits in regard to these allegations. *See* Administrative Record Germany Public Doc. 660; *see also Zenith Elecs. Corp. v. United States,* 15 CIT 394, 395–97, 770 F. Supp. 648, 650–51 (1991); *Daewoo Elecs. Co. v. United States,* 15 CIT 124, 760 F. Supp. 200 (1991); *Zenith Elecs. Corp. v. United States,* 14 CIT 831, 833–44, 755 F. Supp. 397, 403–11 (1990), *appeals pending,* Fed. Cir. Nos. 92–1043 through 92–1046; *Daewoo Elecs. Co. v. United States,* 13 CIT 253, 280–82, 712 F. Supp. 931, 954–56 (1989); *Zenith Elecs. Corp. v. United States,* 10 CIT 268, 633 F. Supp. 1382 (1986), *appeals dismissed,* 875 F.2d 291 (Fed. Cir. 1989). As a result, P&WC's motion to modify the preliminary injunction to allow for the liquidation of P&WC's entries of antifriction bearings from the Federal Republic of Germany must be denied.